**In re Anthony WALLS, Patient, Appellant.**

**No. 24876.**

United States Court of Appeals, District of Columbia Circuit.

Order to Show Cause Jan. 7, 1971.

Order of Remand Feb. 3, 1971.

Feb. 3, 1971.

Leventhal, Circuit Judge, did not participate.

Mr. Robert J. Golten and Miss Susan King were on the pleadings for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and Charles H. Roistacher, Asst.

U. S. Atty., were on the pleadings for appellee.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

## ORDER TO SHOW CAUSE

### PER CURIAM.

Appellant was committed to St. Elizabeths Hospital by court order, on the basis of a finding that he was mentally ill and because of such illness likely to injure himself or others if allowed to remain at liberty. D.C.Code §§ 21–541 *et seq.* He seeks summary reversal of that order, on the ground that the court below acted under a clearly erroneous interpretation of the statutory provision for a court hearing on the relevant issues.

When a petition for involuntary hospitalization is filed, the statute provides that an initial inquiry shall be conducted by the Commission on Mental Health. § 21–542. The Commission is required to hold a hearing for the purpose of determining whether the person whose commitment is sought is mentally ill, and whether because of the illness he is likely to injure himself or other persons if allowed to remain at liberty. The Commission transmits its report and recommendations to the District Court, § 21–544, which is then required to make its own determination on the issues of illness and likelihood of injury. § 21–545. The person whose commitment is sought may either demand a jury trial or submit the case to the court. § 21–545(a). In either event, if the factfinder determines that compulsory treatment is warranted, the court must then decide whether to order hospitalization or some less restrictive alternative course of treatment. § 21–545(b); Lake v. Cameron, 124 U.S.App.D.C. 264, 364 F.2d 657 (1966).

In this case the Commission found that appellant was mentally ill and likely to injure others if allowed to remain at liberty; the report recommended hospitalization. Appellant decided not to exercise his right to a jury trial, because "he doesn't want to go through the trauma of having to come before 12 people and have his life laid out in front of them." (Tr. 11). He sought instead to present his challenge to the Commission report at the court hearing. At least for the purposes of the relief sought in the District Court, he did not contest the Commission's factual findings of illness and dangerousness; he sought to make a number of legal claims, of varying merit: (1) it was improper to commit appellant as an involuntary patient because he was already hospitalized as a nonprotesting patient, § 21–513; (2) the Hospital, the Commission, and the court had failed to make an adequate investigation of alternative courses of treatment less restrictive than total confinement; (3) it was improper to commit appellant for compulsory treatment because there was no assurance that the Hospital would be able to provide any suitable treatment; (4) the Commission failed to deliberate sufficiently after the hearing before reaching a decision.

The trial judge refused to read the transcript of the Commission hearing, or to consider appellant's contentions. (Tr. 15). He denied appellant's motion to dismiss the petition for hospitalization, or to remand the case to the Commission for further proceedings, stating that "the basis of my ruling is that your correct recourse is through a jury demand and then you may present evidence but there is no evidence before the Court at this time justifying a granting of your motion." (Tr. 15). Thus it appears that the trial court acted in the belief that in the absence of a jury demand the court has no authority to evaluate the Commission hearing or to reject the Commission report. There is no warrant for that belief in the statute.

It is therefore ordered by the Court that appellees show cause within ten days why the principles set forth above are not valid, or why they do not require this court to vacate the judgment below and remand the case for further proceedings, in which the District Court

should consider the merits of appellant's contentions, and take additional evidence if that appears necessary for a proper consideration of appellant's claims on the merits, relating to alleged defects in the proceedings before the Commission on Mental Health. The Commission, the United States Attorney, the Corporation Counsel, and any other agency who may be concerned with the subject matter of this suit are invited to file written views with this court.

Circuit Judge LEVENTHAL did not participate in the foregoing order.

## ORDER OF REMAND

### PER CURIAM.

On consideration of appellant's motion for summary reversal, of the responsive pleadings filed with respect thereto, of the record herein, and in light of the principles set forth in this Court's order of January 7, 1971, and the response of the government thereto, it is

Ordered by the Court that the judgment of the District Court appealed from herein is vacated and it is

Further ordered by the Court that this case be remanded to the District Court for further proceedings, in which the District Court should consider the merits of appellant's contentions, and take additional evidence if that appears necessary for a proper consideration of appellant's claims on the merits. The issues to be considered on remand include, but are not limited to, the following: (1) Can appellant properly be committed to St. Elizabeths Hospital as an involuntary patient in light of the fact that he is already hospitalized as a nonprotesting patient? (2) Are there alternative courses of treatment for appellant less restrictive than total confinement, and have the Hospital and the Mental Health Commission made an adequate investigation of such alternative courses of treatment? (3) Can the Hospital provide suitable treatment for appellant, and, if not, is the government thereby precluded

from committing him for compulsory treatment? (4) Did the Commission deliberate sufficiently after the hearing before reaching a decision?

Circuit Judge LEVENTHAL did not participate in the foregoing order.